Fecteau, J.
This is a claim by two individual plaintiffs for personal injury protection (“PIP”) benefits as provided under G.L.c. 90, §34M, and the Massachusetts motor vehicle insurance policy for an accident that occurred on or about September 5, 1999, in which both were riding in the same vehicle and both alleging injury. The defendant insurer has filed a summary judgment,[1] seeking to void coverage for these claimants due to their having failed to attend medical examinations arranged by the defendant. The plaintiffs contend that, according to the medical reports provided to the insurer, they had both completed their treatment prior to the dates scheduled for the examinations, and that, consequently, the imposition of a requirement to attend a medical examination is unreasonable. Furthermore, the plaintiffs would impose a “prejudice” requirement upon the insurer, citing Darcy v. Hartford Ins. Co., 407 Mass. 481 (1990), and other cases. The defendant takes the position that, given the right to conduct a medical examination as part of the PIP statutory framework, and that the legislature had not imposed a “prejudice” prerequisite to the voiding of policy coverage as it had with other insurance provisions, no such requirement exists and that the voluntary failure to attend voids the coverage.
Per the agreed facts, the first contact that the defendant had with counsel for the plaintiff was counsel’s letter of representation sent on October 12, 1999. It appears that Safety Insurance Company insured both vehicles, as the first letter from plaintiffs counsel appears to be placing the defendant on notice of counsel’s claim against the adverse operator, rather than as a claim for PIP benefits. (See letter from counsel dated December 7, 1999, by contrast, in which he requests Safety send PIP application forms.)
The defendant then sent letters dated November 22, 1999, to the plaintiffs and their attorney ofits arrangement for medical examinations of the plaintiffs to be held on December 7, 1999. They received no acknowledgment from anyone of the letters, nor did they again hear from plaintiffs’ counsel until his letter dated, coincidently, December 7, 1999, in which he requested the PIP application forms but made no reference to the examinations. The plaintiffs failed to attend the examinations.
On December 8, 1999, the defendant again arranges for a medical examination of the plaintiffs, now *700 scheduling them for December 28, 1999. The plaintiffs again failed to attend. On December 29, 1999, the defendant wrote to plaintiffs’ counsel denying all obligations under PIP coverage and reserving its rights to disclaim under other coverages under the insurance policy. On January 10, 2000, plaintiffs’ counsel returned the completed PIP application forms to Safety along with medical bills and reports, and made demand for payment of the medical bills.
G.L.c. 90, §34M states in relevant part that “(t]he injured person shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due. Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section and failure of an insurer to pay benefits in the event of such noncooperation shall not in any way affect the exemption from tort liability granted herein.”
The plaintiffs’ reliance on the case of Darcy, supra, is misplaced. There, the court was asked to determine the applicability of G.L.c. 175, §112, as it related to a claim being defended by an insurer on behalf of a non-cooperating insured. Indeed, the very terms of said statute speak in the language of the liability of an insurer for “loss or damage on account of bodily injury or death, or for loss or damage resulting therefrom, or on account of damage to property ... for which the insured is responsible ...” rather than a first-party, contractual liability of an insurer for benefits due its insured. In such a context, then, the statute specifically prohibits the denial of “insurance coverage to an insured because of failure of an insured to seasonably notify an insurance company of an occurrence, incident, claim or of a suit founded upon an occurrence, incident or claim, which may give rise to liability insured against unless the insurance company has been prejudiced thereby.”
The case of Mello v. Hingham Mutual Fire Insurance Company, 421 Mass. 333 (1995), appears to control the issue herein. Notwithstanding that a policy of fire insurance was involved there, that case involved an analogous claim for first-party coverage and a similarly-worded policy provision permitting oral examinations under oath “as often as may be reasonably required” by the insurer. “It is the law in most jurisdictions that the submission to an examination, if the request is reasonable, is strictly construed as a condition precedent to the insurer’s liability... This court agrees with these authorities. In this case, Hingham’s request was reasonable, and refusal to submit to an examination may have significantly hampered its ability to investigate the fire and assure itself that the plaintiff had not set the fire.” [Internal citations omitted.] At p. 337. The court therein distinguished between situations of the requirement for the notice of a claim against an insured to be given promptly to an insurer, for which a prerequisite “prejudice” must be shown to avoid coverage, from a policy provision similar to that at issue here.
Likewise here, Safety’s request was reasonable as a matter of law, especially in light of the fact that the scheduled examination was to occur within three months of the accident and that it had not yet received from the plaintiffs a completed PIP application form nor any medical reports. The fact that after-acquired medical reports may indicate that the plaintiffs may have finished treatment prior to the scheduled examination does not affect the reasonableness of the request. The plaintiffs inexplicably failed to attend two scheduled examinations. This constitutes a material breach of the policy and statutory provision that permits such examinations: the violation voids the coverage.
For the foregoing reasons, the defendant is entitled to a judgment in its favor. Its motion for summary judgment is, therefore, allowed.

 yhe court first heard the parties in connection with this motion on April 1, 2002, and, in connection with that hearing, issued an order that denied the motion without prejudice to a reconsideration upon the filing of a complete record, some attachments referenced in the pleadings apparently inadvertently omitted. The parties returned on April 22, 2002, and reargued the motion. The parties appear to agree on all material facts.